UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM C.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

21-CV-06341-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

Plaintiff William C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted, and defendant's motion (Dkt. No. 10) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on October 26, 2018, with an alleged onset date of July 29, 2011. (Administrative Transcript ["Tr."] 217-23). The application was initially denied on March 26, 2019, and upon reconsideration on June 16, 2019. (Tr. 78-153). Plaintiff timely filed a request for an administrative hearing. (Tr. 157). On February 10, 2020, Administrative Law Judge ("ALJ") Connor O'Brien held a hearing in Rochester, New York, at which Plaintiff appeared, with counsel. (Tr. 33-77). A vocational expert also appeared and testified at the hearing. The ALJ issued an unfavorable decision on May 15, 2020. (Tr. 7-27). On March 16, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." Id. §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." Id. §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." Id. §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." Id. §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. Id.

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 26, 2018, the application date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus with neuropathy; degenerative disc disease of the lumbar spine; obesity; major depressive disorder; and generalized anxiety behavior. (Tr. 12). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12-14). Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that he can perform light work as defined in 20 C.F.R. § 416.967(b), except that he:

> can sit, stand and walk for six hours each, but he requires an opportunity to change position every 60 minutes for up to 5 minutes. He cannot climb a rope, scaffold, or ladder; and cannot balance on narrow, slippery or moving surface. He can occasionally stoop; crouch; climb stairs or ramps, kneel; or crawl. He needs to avoid hazards, such as open waters, machinery or unprotected heights. He can perform simple, unskilled work, adjust to occasional changes in work setting, and make simple work-related decisions. He can interact with the public, but cannot perform teamwork or tandem work. He requires up to three short, unscheduled less than 5-minute breaks in addition to the regularly scheduled breaks.

(Tr. 14-19).

At the fourth step, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 19). At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 20-21). Therefore, the ALJ found that Plaintiff has not been under a disability since October 26, 2018, the application date. (Tr. 21).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ's highly specific RFC findings were based on her own surmise. The Court agrees.

The ALJ found that Plaintiff requires up to three short, unscheduled breaks of less than five minutes, in addition to regularly scheduled breaks. (Tr. 14). She determined that this was required by Plaintiff's mental and physical limitations. (Tr. 19). She also found that Plaintiff requires an opportunity to change position every 60 minutes for up to five minutes. Tr. 14.

An RFC is highly specific, where the ALJ determines "the specific amount of time a claimant can spend on certain activities." *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (remanding where ALJ made highly specific finding that plaintiff could stand for one to two minutes after standing 60 minutes). An ALJ may not base such assessments on her "own surmise." *Cosnyka v. Colvin,* 576 F. App'x 43, 46 (2d Cir. 2014) (remanding when ALJ incorporated a six-minute break time into the RFC without any supporting evidence). Failure to provide evidence in support of a highly specific RFC statement requires remand. *See, e.g., McGlothin v. Berryhill*, No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *4 (W.D.N.Y. Apr. 4, 2019)

(remanding where it was "unclear" how opinion evidence supported ALJ's highly specific RFC that Plaintiff could alternate "after twenty minutes to sitting for ten minutes"); *Reyes v. Berryhill*, No. 17-CV-1194, 2018 WL 5839276, at *5 (W.D.N.Y. Nov. 8, 2018) ("It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination without reliance on a medical opinion.").

Here, the ALJ determined these highly specific findings using her own surmise, leaving the RFC unsupported by substantial evidence. First, the ALJ did not rely on any medical opinion evidence for these highly specific findings. In fact, none of the medical opinions in the record provided for such specific restrictions. None of the medical opinions indicated that Plaintiff could perform a reduced range of light work and simple/unskilled work so long as he received three additional, unscheduled breaks of less than five minutes per workday. (Tr. 14). Further, none of the medical opinions mentioned or explained the need for a position change for up to five minutes every 60 minutes. (Tr. 14). This suggests the ALJ made these findings using her own surmise. *See Cosnyka*, 576 F. App'x at 46; *See Wolf v. Berryhill*, No. 18-CV-741-HKS, 2020 WL 994671, at *3 (W.D.N.Y. Mar. 2, 2020) ("Without a medical opinion, this analysis is insufficient to conclude that Plaintiff was capable of performing a highly specific limited range of sedentary work.").

In addition to failing to support these highly specific RFC findings with medical opinion evidence, the ALJ also failed to provide any other explanation for these highly specific findings. The only discussion of the requirement for additional breaks came when the ALJ noted Plaintiff's "physical and mental symptoms" required these three additional, less than five-minute breaks. (Tr. 19). However, the ALJ failed to provide any functional

Case 6:21-cv-06341-MJR   Document 13   Filed 07/06/23   Page 9 of 11

explanation for such a limitation. An ALJ can support a highly specific RFC with a "function-by-function assessment to explain [the] highly specific RFC findings." *Gorny v. Comm'r of Soc. Sec.,* No. 18-CV-06-FPG, 2018 WL 5489573, at *3 (W.D.N.Y. Oct. 29, 2018). Here, the ALJ failed to provide such an assessment. For example, there is no explanation as to why a five-minute break would be sufficient, as opposed to some longer break, or why only three breaks would be needed as opposed to some greater number. Without further explanation, the RFC is not supported by substantial evidence. The ALJ might have had a reasonable explanation for these findings, but she needed to include such an explanation in her decision so that this Court could conduct a meaningful review.

Next, the ALJ provided no discussion of Plaintiff's need for a position-change restriction in her decision. (Tr. 14-19). In fact, the only mention in the decision of a need to change positions is inconsistent with the ALJ's RFC finding. (Tr. 15). Earlier in the decision, the ALJ noted that Plaintiff testified that he needs to "shift position every five to fifteen minutes[.]" (Tr. 15). On its face, this evidence is inconsistent with the limitation that Plaintiff needs to change position every 60 minutes, rather than every five to fifteen minutes. There is nothing in the ALJ's decision explaining this inconsistency or where she came up with the longer, 60-minute time frame. Without more evidence or further explanation to support this highly specific finding, it is clear the ALJ crafted the RFC using her own surmise, leaving it unsupported by substantial evidence. *See Haygood v. Comm'r of Soc. Sec.,* No. 18-CV-1164-FPG, 2020 WL 219145, at *3 (W.D.N.Y. Jan. 15, 2020) (remanding where there was no other record evidence supporting ALJ's highly specific finding).

The ALJ's errors left the RFC unsupported by substantial evidence and warrant remand. *See Smith v. Saul*, No. 17-CV-6641-CJS, 2019 WL 2521188, at *2 (W.D.N.Y. June 19, 2019) ("Decisions in this district have consistently held that an ALJ's RFC determination without a medical opinion backing it is, in most instances, not an RFC supported by substantial evidence."). The ALJ's errors were harmful errors. The ALJ erred in crafting the RFC, which spread to the rest of the decision, as it was identical to one of the hypotheticals she provided to the vocational expert. (Tr. 14, 69). The vocational expert testified that an individual with such limitations would be able to perform work in the national economy. The ALJ adopted this testimony by using the jobs at step five to find Plaintiff not disabled. (Tr. 20-21, 70-72). Moreover, the ALJ's error regarding the highly specific finding for additional breaks was harmful. According to the vocational expert, off-task time over 10 percent would preclude employment. (Tr. 72). If Plaintiff required additional or longer breaks, this error could result in Plaintiff being found disabled. *See Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) (citing *Edwards v. Comm'r of Soc. Sec.*, No. 18-CV-862-FPG, 2020 WL 4784583, at *1 (W.D.N.Y. Aug. 18, 2020)) ("[N]oting that the percent of off-task time was 'absolutely critical' to the disability determination where the VE testified that, if the off-task time was ten percent or more, the limitation would be 'work preclusive' and accordingly "the Court cannot say that the ALJ's failure to tether the percent of off-task time to evidence in the record was harmless error.").[3]

---

[3] Plaintiff also argues that the ALJ erred because her mental RFC findings were not supported by medical opinion evidence. The defendant should also consider this argument on remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted and defendant's motion for judgment on the pleadings (Dkt. No.10) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     July 5, 2023
              Buffalo, New York

                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge